UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

J.R.D. (XXX-XX-4294)                      CIVIL ACTION NO. 09-cv-1889

VERSUS                                    JUDGE STAGG

U.S. COMMISSIONER SOCIAL                  MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

**REPORT AND RECOMMENDATION**

J. R. D. ("Plaintiff") was born in 1947, has a high school education, and has past work experience as a materials coordinator, which is sedentary, highly skilled work.  Plaintiff lost his job in April 2004.  Two years later, in April 2006, he sought mental health treatment through the VA.  In August 2006, he filed an application for disability benefits, claiming disability since April 2004 due to post-traumatic disorder (PTSD), agoraphobia with panic attacks, depression, and hearing problems.

An ALJ issued an unfavorable decision, but the Appeals Council remanded for further evaluation of Plaintiff's mental impairment.  Tr. 83.  The ALJ obtained evidence from Dr. Barbara Felkins, a Board Certified Psychiatrist.  ALJ W. Thomas Bundy, then denied the claim (Tr. 14-26), and the Appeals Council denied a request for review.  Tr. 1-3.  Plaintiff then filed this civil action to seek the limited appellate review permitted by 42 U.S.C. § 405(g).

**Summary of the ALJ's Decision**

In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity. The claimant bears the burden of showing he is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there are jobs that exist in significant numbers that the claimant can perform. If, at any step, the claimant is determined to be disabled or not disabled, the inquiry ends. See Audler v. Astrue, 501 F.3d 446, 447-48 (5th Cir. 2007).

The ALJ found that Plaintiff had not engaged in substantial gainful activity (step one), and he suffered from the following severe impairments (step two): PTSD; anxiety disorder with mild agoraphobia; depression NOS; personality disorder; sleep apnea; hearing loss with history of acoustic neuroma; and obesity. Tr. 16. He next found at step three that Plaintiff's impairments did not meet or equal one of the listed impairments that is so severe as to require a finding of disability without regard to the claimant's age, education, or work skills. Tr. 17.

The ALJ next assessed Plaintiff's residual functional capacity (RFC). He found that Plaintiff had the RFC to perform a full range of work at all exertional levels but with the following non-exertional limitations: Plaintiff has sufficient concentration and persistence to perform full-time simple or detailed work and would perform best in an environment

where contact with the public or co-workers is incidental to the work performed; Plaintiff should also avoid concentrated exposure to excessive background noise. Tr. 18.

A vocational expert (VE) testified that a person with Plaintiff's RFC could not perform his past work as a materials coordinator. Based on that testimony, the ALJ found at step four that Plaintiff could not perform his past relevant work. He then turned to whether Plaintiff could perform the demands of other jobs that are available in significant numbers in the economy. The VE testified that a person with Plaintiff's RFC and other background could perform the requirements of occupations such as box bender, which is medium unskilled work. Tr. 63-64. Based on that testimony, the ALJ found at step five that Plaintiff could perform other work so was not disabled. Tr. 25.

**Issues on Appeal**

Plaintiff lists five asserted errors for appeal, but they basically fall into two categories. The first category challenges the ALJ's assessment of Plaintiff's credibility about the extent of his problems. The second challenges the weight the ALJ afforded the various medical source opinions.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925

F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Weight Afforded Medical Opinions**

Plaintiff was referred to Clinical Neuropsychologist Thomas Staats, Ph.D., for a consultative examination in September 2006. Plaintiff reported depression, anger, inability to get along with people, panic attacks when out in public, chronic anxiety, PTSD from military experiences in Thailand, and various physical problems. Plaintiff was taking several medications. He said he had trouble getting along with authority figures and co-workers, and he had poor tolerance for stress and change. He reported problems with remembering and completing tasks, following instructions, and getting along with others. Dr. Staats found that Plaintiff's thinking appeared adequate, his understanding was intact, memory was variable, sustained concentration was marginal, persistence was fair, social interaction was poor, and adaptation was marginal. Tr. 267-70. The record is not clear why, but Dr. Staats examined Plaintiff again the next month, in October 2006. The results were about the same. Tr. 271-73.

Dr. Barbara Felkins, who is board certified in general psychiatry, did not examine Plaintiff but did review his medical records. She conducted her review in October 2008, about two years after Dr. Staats examined Plaintiff. Her diagnoses included depressive NOS, severe; PTSD, severe; personality disorder, severe; anxiety disorder, severe; and mild agoraphobia. Tr. 630. She noted that Plaintiff had been prescribed anti-depressants and anti-

anxiety agents that were reasonably expected to improve his condition. Tr. 632. She noted that Plaintiff's first evidence of psychiatric care was in May 2006, at which time he was symptomatic but on less than therapeutic doses of medication. The medication was changed and, by July 2006, Plaintiff was better, and his wife reported seeing a big change. Dr. Felkins observed that, after Dr. Staats made his report, Plaintiff's medication was again changed due to side effects, and he was later found to be doing well on the medication. The latest psychiatric note indicated mild depression, anger in background, and gaining insight. Dr. Felkins observed that Plaintiff's physician called in prescriptions for him, which is usually done only with very stable patients who only need refills but little personal attention because they are functioning well. She concluded that Plaintiff responded to medication within a year of the start of treatment so that he did not have more than one year of disabled status. Tr. 633.

Dr. Felkins found that Plaintiff could do simple and detailed work but not complex work, due to possible residual depression. He could carry out, understand, and use proper judgment for simple and detailed work with no limitation, but would have marked judgment problems with complex work. He could perform satisfactorily (meaning some limits but still able to function adequately) with co-workers, the public, and supervisors. He had sufficient concentration and persistence for full-time simple or detailed work. He would perform best in an environment in which contact with the public or co-workers would be incidental to the work performed (due to personality disorder). Tr. 633.

The ALJ held a hearing so that Plaintiff's counsel could examine Dr. Felkins. Counsel had Dr. Felkins agree that it would probably be better to see a patient and observe visual and auditory clues before giving treatment. Felkins conceded that she had not seen in the record the evidence that Plaintiff had threatened a fellow employee and once chased a supervisor down a stairwell. Dr. Felkins had observed in her report that Plaintiff was receiving only group therapy at the VA, and counsel suggested that individual therapy was not available at the VA because of budgetary constraints. Dr. Felkins said it was only within the realm of possibility that this might change her opinion, but it was not a practice that she usually saw at VA hospitals. Tr. 59-62.

The ALJ rejected the contention that individual counseling was not available. He stated that the VA was a full service facility that has and does provide psychiatry services if deemed necessary. Further, there was no indication that Plaintiff or any treating physician requested or recommended any form of therapy that was denied for any reason. Tr. 23. The ALJ discounted Dr. Staats' opinion that Plaintiff had poor persistence and social interaction and marginal concentration and adaption because the opinions were not consistent with the totality of the other evidence. They were also formed in September 2006, and Plaintiff later had medication adjusted and saw noted improvement (as observed by Dr. Felkins). This conclusion was also supported by the findings and opinions of state agency physicians who examined the record. The ALJ concluded by saying he gave "great weight" to the opinion of Dr. Felkins, which he found to be supported by the medical records as a whole and provided a more recent analysis of overall mental status.

Plaintiff faults the ALJ for favoring the opinion of a non-examining source over that of an examining source.  "[A]lthough the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician, the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." Bradley v. Bowen, 809 F.2d 1054, 1057 (5th Cir.1987).  Notably, Dr. Staats was not a treating physician, so the requirements of Newton v. Apfel, 209 F.3d 448 (5th Cir. 2000) are not applicable.

The ALJ gave sound reasons for the weight he afforded the competing medical opinions, which were not that far apart.  Plaintiff argues that Dr. Felkins' opinion is undermined by her admission that she overlooked the report that described the workplace threat and chasing a supervisor downstairs.  Her report is overall quite detailed, and this single omission is with respect to an event that precedes the alleged onset date of disability.  Dr. Felkins focused on the more recent and relevant time period and gave good reasons for her findings in that regard.  Her conclusions were, as noted by the ALJ, supported by the findings of the state agency physicians.  Plaintiff does not point to any particular faults with those reports which "must be treated as expert opinion evidence of non-examining sources" at the ALJ and Appeals Council levels.  The ALJ may not ignore the opinion and must explain the weight given them.  Social Securing Ruling 96-6p.  The record as a whole supports the ALJ's choice to afford more weight to Dr. Felkins' report, which supported his RFC.  There is no reversible error with respect to these issues.

**Credibility Issues**

Plaintiff takes issues with some of the facts found and observations made by the ALJ. The arguments are essentially attacks on credibility decisions and fact finding. As the issues are reviewed, it must be kept in mind that an ALJ's findings on credibility of the claimant and the debilitating effect of subjective symptoms, based on his first-hand observation of the claimant, are particularly within his province and entitled to judicial deference. Johnson v. Bowen, 864 F.2d 340, 347 (5th Cir. 1988); Falco v. Shalala, 27 F.3d 160, 164 (5th Cir. 1994).

Plaintiff testified that he worked at the Beaird plant, which is well known for a number of layoffs in the past several years. Plaintiff said that he was laid off for the final time in 2004. Everyone else in his department was eventually called back to work, but he was not. Plaintiff attributed this to the company using the layoff as a way to get rid of him after his angry outbursts and inability to get along with co-workers. Tr. 37-40. The ALJ noted this testimony in his decision but observed that there was "no confirmatory evidence, other than the claimant's statements, that his employment ceased due to combative behavior." Tr. 22.

Plaintiff says the ALJ erred in holding him to a "higher burden of proof" regarding the cause of his layoff. There is no basis for this in the record. The ALJ recounted Plaintiff's testimony and noted that there was no confirmatory evidence beyond that testimony. That is true. The observation was merely one aspect of the ALJ's discussion of Plaintiff's mental impairments. Tr. 22.

Another factor the ALJ considered in assessing the extent of the mental limitations was that Plaintiff did not seek treatment until 2006, two years after he lost his job. Tr. 22. Plaintiff argues that he did not seek treatment until 2006 because he had not thought about his Viet Nam war experiences for a long time, but in recent years he began having bad dreams and anger problems.  He adds that the ALJ should have developed the record as to whether PTSD patients delay seeking treatment. Plaintiff does not refer to any medical treatise or other basis for that suggestion, not does he show where it was raised before the ALJ; he merely argues the ALJ should have *sua sponte* thought of the issue and developed it.

The law does require the ALJ to fully and fairly develop the record. But not every conceivable omission merits reversal. The claimant must show that had the ALJ developed the record as suggested, the claimant could and would have adduced evidence that might have altered the result.  Kane v. Heckler, 731 F.2d 1216, 1219-20 (5th Cir. 1984). There is no such showing here. Furthermore, the mention of delay in treatment was not a major factor in the denial of benefits. The ALJ merely mentioned it as a supplement to the lack of evidence that Plaintiff was laid off because of behavioral problems.

The ALJ generally found that Plaintiff's impairments could reasonably be expected to cause the alleged symptoms, but Plaintiff's statements about the intensity, persistence, and limiting effects of the symptoms were not credible to the extent they were inconsistent with the RFC found by the ALJ.  Tr. 22. Plaintiff faults this finding, but the only basis for the attack is an observation in a state agency report that Plaintiff's allegations of mental

problems and related limitations were "considered credible." Tr. 276. The ALJ was not required, based on that one statement, to accept as fully credible everything Plaintiff said. He obviously found the claim of mental impairment credible to a degree, as reflected in his step-two findings and RFC. His assessment of the extent of the limitations is supported by substantial evidence, particularly the opinions of Dr. Felkins and the same state agency reports cited by Plaintiff.

Accordingly;

IT IS RECOMMENDED that the Commissioner's decision to deny benefits be affirmed.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within seven (7) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 13th day of July, 2011.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE